JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

R. Thomas Colonna
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6552
Richard.Colonna@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOLENE SISSON, individually,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:24-cv-00163-APG-BNW<br><br>**Stipulated Discovery Plan and Scheduling Order**<br><br>**Submitted in Compliance with LR 26-1(b)** |

Under Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, plaintiff Jolene Sisson and the United States of America submit their stipulated discovery plan and scheduling order.

Plaintiff filed her Complaint in state court on December 14, 2023, Case No. A-23-883432-C. On January 24, 2024, the United States removed the state court action to this District Court, ECF No. 1. On February 22, 2024, Federal Defendant filed a Motion to Dismiss. ECF No. 8. On March 1, 2024, Plaintiff filed her First Amended Complaint, ECF No. 10. On March 4, 2024, this Court issued an Order denying Federal Defendant's Motion to Dismiss, as moot. On March 11, 2024, the Defendant United States of America filed its Answer to Plaintiff's Amended Complaint, ECF No. 15. In accordance with LR 26-1(b)(1), the discovery cut-off date will be 180 days from the date of Defendant's Answer. 180 days from March 11, 2024, is September 9, 2024.

The parties met and conferred on February 26, 2024, to discuss matters in compliance with LR 26-1. Based upon counsels' review of the evidence in this case, the parties now propose the following discovery plan:

Deadlines that fall on Saturdays, Sundays, or legal holidays have been adjusted to the next day that is not a Saturday, Sunday, or legal holiday per Federal Rule of Civil Procedure 6(a)(1)(C).

1. Initial Disclosures. The parties will serve initial disclosures by **March 11, 2024**, which is 14 days after Rule 26(f) conference.

2. Close of Discovery. The parties agreed to the 180-day discovery timeline as set forth in Local Rule 26-1(b)(1). Therefore, all discovery must be completed no later than **September 9, 2024**.

3. Amending the Pleadings and Adding Parties. The deadline for filing motions to amend the pleadings or to add parties is **June 11, 2024**, which is 90 days before the close of discovery.

4. Expert Disclosures. Disclosures of experts shall be made 60 days before discovery cut-off date, or by **July 11, 2024**. Disclosure of rebuttal experts shall be made 30 days after the initial disclosures of experts, or by **August 12, 2024**.

5. Dispositive Motions. Dispositive motions must be filed by **October 9, 2024**, which is 30 days after the close of discovery.

6. Pretrial Order. The parties' joint pretrial order is due **November 8, 2024**, which is 30 days after the dispositive-motion deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

7. Rule 26(a)(3) Disclosures. The disclosures required by Federal Rule Civil Procedure 26(a)(3) and any objections to them will be included in the parties' joint pretrial order.

8. Alternative Dispute Resolution. The parties have considered resolution and the possibility of using alternative dispute-resolution processes, and the parties may revisit

these options as the case proceeds.

9. Alternative Forms of Case Disposition. The parties have considered trial by a magistrate judge and the short trial program, and the parties may revisit these options as the case proceeds.

10. Electronic Evidence. The parties anticipate their initial, supplemental, and responsive production of materials will be in .pdf and/or paper formats. These productions may be served by electronic means. Plaintiffs understand the United States' productions of electronic files including .pdfs must typically be made via encrypted means, e.g., an encrypted disc, with password provided separately, or use of the United States' cloud-based file exchange portal, "USAfx." Should any technical difficulties arise with these encrypted means, counsel will make good faith efforts to meet, confer, and resolve the difficulties.

Under the Federal Tort Claims Act, this case is subject to a bench trial, so there is no issue about the viewing of electronic evidence during jury deliberations. Counsel will further discuss and address the presentation of electronic exhibits at trial in connection with the joint pretrial order, pretrial conference, and/or calendar call, as applicable and appropriate.

Respectfully submitted this 12th day of March 2024.

| | |
|---|---|
| VEGAS VALLEY INJURY LAW | JASON M. FRIERSON<br>United States Attorney |
| */s/ Kris T. Zeppenfeld*<br>KRIS T. ZEPPENFELD, ESQ.<br>Nevada Bar No. 12144<br>710 South 7th Street<br>Las Vegas, Nevada 89101<br>*Attorney for Plaintiff* | */s/ R. Thomas Colonna*<br>R. THOMAS COLONNA<br>Assistant United States Attorney<br>501 Las Vegas Blvd. So., Suite 1100<br>Las Vegas, Nevada 89101<br>*Attorneys for United States* |

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** 3/13/2024